Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3844 | **DATE** | 9/29/2011 |
| **CASE TITLE** | C.H. Robinson Worldwide, Inc. vs. PMGR Enterprises, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court grants plaintiff's motion for summary judgment [doc. 32]. The parties have fourteen days from the date of this order to submit a proposed judgment order in an amount to which they agree. If the parties disagree as to the amount, each party should, in the same fourteen-day period, submit its proposed amount and the legal and factual support for it.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

On May 15, 2009, plaintiff gave freight to defendant in Georgia for shipment to California, Oregon, and Washington. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 6.) The freight was in good condition when defendant received it, and defendant acknowledged its receipt without exception in the bill of lading. (*Id.* ¶ 8.)

Defendant leased a truck and trailer and hired an independent contractor to drive plaintiff's freight from Georgia to its final destinations. (Def.'s LR 56.1(b)(3)(C) Stmt. ¶¶ 2-5.) The freight was never delivered, however, because the truck, trailer and goods were stolen. (*Id.* ¶¶ 9-10.) Plaintiff incurred damages of $106,856.93 as a result. (Def.'s LR 56.1(b)(3)(B) Stmt. ¶ 10.)

Plaintiff filed this suit pursuant to the Carmack Amendment, 49 U.S.C. § 14706, to recover for its loss and now asks the Court to grant summary judgment on its claim. To prevail on its motion, plaintiff must show that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

The Carmack Amendment makes interstate motor carriers "liable to the person entitled to recover under the receipt or bill of lading" for goods lost in transit. 49 U.S.C. § 14706(a)(1). To recover under the Amendment, plaintiff must prove: (1) the freight was in good condition when defendant received it; (2) the freight was never delivered; and (3) the amount of damages plaintiff suffered as a result. *See Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 929 (7th Cir. 2003). If plaintiff does so, the burden shifts to defendant to show that it was not negligent and the loss was due to "acts of God, the public enemy, the act of the shipper himself,

10C3844 C.H. Robinson Worldwide, Inc. vs. PMGR Enterprises, Inc.    Page 1 of 2

| STATEMENT |
|---|

public authority, or the inherent vice or nature of the goods." *Id.* at 930 (quotation omitted).

It is undisputed that plaintiff has met its burden of proof, and defendant offers no evidence that suggests any exception to Carmack Amendment liability applies. *See Tempel Steel Corp. v. Landstar Inway, Inc.*, 211 F.3d 1029, 1030 (7th Cir. 2000) ("A shipper may look to its chosen carrier, which then bears the responsibility for seeking compensation from another carrier actually responsible for the loss."); (Def.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 6-20 (admitting facts establishing a *prima facie* case of liability)). Because defendant has not created a triable issue of fact as to its liability, the Court grants plaintiff's motion for summary judgment.

10C3844 C.H. Robinson Worldwide, Inc. vs. PMGR Enterprises, Inc.

Page 2 of 2